## SUPREME COURT.

HENRY C. NILES agt. GEORGE L. MAYNARD, Sheriff, &c.

Where there has been no act of either party to delay a *referee* in making his report, and no order of the court *within the sixty days*, for further time, or notice given within that time of a motion for such order, it is the *absolute duty* of the referee to make and deliver his report within that time.

The statute says he *shall* forfeit his fees, and the action *shall* proceed as if no reference had been ordered, and by well settled rules of construction these words are *imperative*. Therefore, where either party, after the sixty days have expired, and no report has been made and delivered, take proceedings in the cause as if no reference had been ordered, and a report is thereafter made and delivered by the referee, it should be *set aside as invalid*.

*Fifth District General Term, April,* 1864.

*Before* MORGAN, BACON *and* FOSTER, *Justices.*

THIS is an appeal from an order made at special term on the 22d of April, 1863, upon a motion made on the part of the defendant to set aside the report of the referee therein, and any judgment that may have been entered thereon, and that said action might proceed to trial as though no reference had been ordered therein, on the ground that the referee did not make and deliver his report within sixty days from the time said action was finally submitted to him.

JAMES NOXON, *for plaintiff.*

RICHARD RAYNOR, *for defendant.*

FOSTER, J.    The facts established on the hearing were as follows:  By a rule entered on the 6th of February, 1862, the cause was referred to Nathan F. Graves, as sole referee, to hear and determine the same.   It was noticed for trial before the referee for the 15th of May, 1862, and was tried and finally submitted to him on the 21st day of May, 1862.   Soon after the expiration of sixty days therefrom, the attorney for the defendant inquired of the referee if he had made his decision or report? and the referee

answered that he had not, and the defendant's attorney informed him that his powers as referee were at an end, and then noticed the cause for trial, and put it upon the calendar for the then next circuit to be holden in Onondaga county (which was the place for the trial), on the 15th of September, 1862. That circuit court was not held, but went down, and soon thereafter the defendant's attorney again noticed the action for trial at the then next circuit to be holden in said county on the 26th day of January, 1863. After such last mentioned notice of trial, and on the 10th of January, 1863, the referee made his report, and delivered it to the plaintiff's attorney, and on the 22d of January he served upon the defendant's attorney a bill of costs with notice of taxation, which was the first information the defendant's attorney had that the referee had executed or delivered his report; and at the January circuit the plaintiff's attorney opposed the trial of the action, and moved that it be struck from the calendar on the ground that it had been tried and a report made in favor of the plaintiff.

It appeared that the referee did not make and deliver his report within the sixty days, because he was called to the city of New York on business, and was there from time to time until after the sixty days had expired. The justice at special term, "ordered that the default of the referee be excused, and the said referee be at liberty to make his report within ten days after the service on him of a copy of the order," from which decision the defendant appealed to this court.

The amendment of 1862 to section 273 of the Code, so far as it is applicable to this case, declares that "unless the court shall otherwise order, the referee shall make and deliver his report within sixty days from the time the action shall be finally submitted, and in default thereof, said referee shall not be entitled to receive any fees, and the action shall proceed as though no reference had been or-

dered." The question arises, when can such order be made by the court? It is undoubtedly true that if one of the parties by stipulation, or any other act, induces the referee to delay the making and delivering of his report beyond the sixty days, and during such delay so caused by himself, proceeds with the action as if no reference had been ordered, it would be competent for the court on motion, to prevent such procedure, and allow the report to be made and delivered after the sixty days had expired; but where there has been no act of the party to delay the referee, and no order within the sixty days for further time, or notice given within that time of a motion for such order, I think it is the absolute duty of the referee to make and deliver his report within that time, and if he fails to do so he forfeits all right to his fees, his powers as referee are at an end, and the court has no power to continue such reference.

The word " shall," as applied to the action of the referee, as well as to the forfeiture of his fees, is in no sense permissive, but it is mandatory and imperative, and it is his duty, unless prevented in one of the ways above mentioned, to make and deliver his report within the prescribed time. To allow him for his own convenience, to delay his report beyond that limit, would not only continue the mischief which the amendment was intended to remedy, but would increase it, as the case under consideration exemplifies. The referee without any order from the court, and without the consent or fault of the defendant, allowed the sixty days to expire. The defendant's attorney then notified him that his powers as referee had ceased.. He twice noticed the case for trial, and after that, and nearly six months after the expiration of the sixty days, a report is delivered, and he has notice that the plaintiff is proceeding to judgment upon it. He is compelled to make a motion to prevent it, and upon the hearing, an order is made " excusing the default " of the referee, and allowing him thereafter to make and deliver a report, thus virtually declaring the

proceedings of the defendant to be regular, and yet making no provision for the costs and expenses incurred by him in twice preparing for trial, and disposing of the motion without costs.

The referee was in default. The statute says, he *shall* forfeit his fees, and the action *shall* proceed as if no reference had been ordered; and by the well settled rules of construction these words are imperative. (*Attorney General* agt. *Lock*, 3 *Atkyns*, 166; *Stamper* agt. *Miller*, *Id.* 212; *Blackwell's Case*, 1 *Vernon*, 152, 153, *and note* 1, *and Morris* agt. *The People*, 3 *Denio*, 381.) The words "shall proceed as though no reference had been ordered," do not mean that the party shall be at liberty to move the court for leave to proceed, but that the cause shall be placed in the same condition as though it had never been referred. And surely in such case, no motion for leave to proceed would be necessary, but either party would be at liberty to notice it for trial.

In the special term case of *Livingston* agt. *Gidney* (25 *How. Pr. Rep.* 1), it is held that if the report is made after sixty days, and after notice that a party takes advantage of the failure to make it in due time, such report is irregular, though the court also holds that such report is not void; but I think the true construction of the statute is given in the case of *Litch* agt. *Brotherson* (25 *How. Pr. Rep.* 407), and *Foster* agt. *Bryan* (26 *How.* 164), and that as there held, either party after the expiration of the sixty days may take proceedings in the cause as if no reference had been ordered, and that after such step taken, a report is invalid, and should be set aside.

The order appealed from should be reversed, with $10 costs of this appeal, and either party be at liberty to proceed in the action as though no reference had been ordered, and no report made therein.

BACON, J., concurred.

MORGAN, J., dissented.